### 10491

### BARWICK v. NORTHWESTERN R. R. *ET AL.*

#### (104 S. E. 545.)

1. CARRIERS—RAILROAD HELD LIABLE FOR FAILURE TO DELIVER TO SHIPPER, THOUGH IT DELIVERED GOODS TO ANOTHER CARRIER.—A railroad, which undertook to carry cotton and to deliver it to the shipper at destination, but did not perform the contract, claiming that it delivered the shipper's cotton to another railroad at destination, is liable to the shipper for the whole loss, for failure to deliver to him and delivery to the other railroad a third party, instead.

2. CARRIERS—SHIPPER HELD ENTITLED TO SUE RAILROAD RECEIVING COTTON FROM OTHER ROAD.—Where one railroad contracted to transport cotton and to deliver to the shipper at destination, but did not do so, delivering instead at destination to another railroad, such other railroad could not keep the cotton for its own use, destroy it, or negli-

gently lose it; the contract between the two roads inuring to the benefit of the shipper, who could recover possession or get damages for the loss of the cotton from the second road.

3. CARRIERS—RAILROAD WHOSE NEGLIGENCE CAUSED LOSS OF COTTON LIA-
BLE TO ORIGINAL CARRIER.—Where a railroad undertook to transport and deliver cotton, but delivered to a second railroad at destination, which road had exclusive control of the cotton platform, loss of the cotton was attributable solely to the negligence of the second rail-road, which, as between the two roads, is liable to the first; both being liable to the shipper.

4. CARRIERS—RAILROAD WHICH RECEIVED PROCEEDS OF LOST COTTON LIA-
BLE TO ORIGINAL CARRIER, BOTH BEING LIABLE TO SHIPPER.—Where one railroad undertook to transport cotton, but at destination deliv-ered the cotton to another road, whose negligence caused its loss, the second road, which sold certain bales of cotton that had been left on its platform and kept the proceeds, thus evidently receiving the proceeds of the shipper's cotton or some left in place of it, as between the two railroads is liable for the loss; both being liable to the ship-per.

Before WILSON, J., Clarendon, Summer term, 1919. Af-firmed as to defendant's liability to plaintiff. Reversed as to liability between defendants.

Action by L. S. Barwick against Northwestern Railroad Company of South Carolina and Atlantic Coast Line Rail-road Company, for loss of goods. From judgment for plaintiff against the defendants equally, the defendants appeal.

*Messrs. Rutledge & Hyde* and *Purdy & O'Bryan,* for A. C. L. R. R. Co., cite: *A. C. L. R. R. Co. furnishing termi-nal conveniences is not connecting carrier:* 50 S. C. 130; 72 S. C. 44. *Northwestern using Coast Line as dray line, and Northwestern liable:* 89 S. C. 398.

*Messrs. DuRant & Ellerbe,* for N. W. R. R. Co., appel-lant. No citations.

*Mr. W. C. Davis,* for respondent, cites: *A. C. L. liable under 1 Civil Code 1912, section 2574. Court will not assume that bill of lading, not produced, furnished no evidence that A. C. L. was a party thereto:* 73 S. C. 542.

October 11, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff shipped from Paxville to himself at Sumter, a distance of some 20 miles, seven bales of cotton. Three of these bales of cotton were lost. The bills of lading of the several shipments are not in the record, but the fact that it was a one road shipment does appear, and that one road is the Northwestern. The Northwestern Road ends about one-half mile from the Sumter station, but the record shows that the Northwestern and the Atlantic Coast Line Companies had a traffic agreement by which the Northwestern is entitled to use the Coast Line terminal facilities in the city of Sumter; its servants and agents, while in the Sumter yard, being subject to the control of the Coast Line officials. For the use of the terminal facilities, the Northwestern pays to the Atlantic Coast Line the sum of $400 per month. The two companies have joint agents at Sumter. The agent of the plaintiff paid the freight to Mr. Boney, the joint agent of the two companies, but it was receipted for as agent of the Coast Line, assuming that in due course of business the cotton had been unloaded onto the Coast Line platforms, and was at that time in the possession of the Coast Line. The cotton was not on the platform, or at least it could not be, and never was, found. There were many bales of cotton on the platforms, and for some reason, not explained, much confusion. This action was brought against both parties. The jury found for the plaintiff $679.87, and divided the liability, $339.94, against the North-

western and $339.95 against the Coast Line. From the judgment entered on this verdict, the defendant appealed.

The real contest in this case is betwen the two defendants. The Coast Line answered by a general denial. The Northwestern by its answer set up that no claim of loss had been filed, and for a second defense, that it had delivered the cotton to the Atlantic Coast Line Company. The first defense is not before the Court. Both defendants appealed. There are 14 exceptions. The argument of the Atlantic Coast Line states that there are, practically two questions before the Court: First, is the Atlantic Coast Line Railroad Company in any wise responsible to the plaintiff? Second, if the Court should hold that this defendant is responsible to the plaintiff, as between the two defendants, is the Atlantic Coast Line Railroad Company liable for said judgment, or any part thereof? The Northwestern, by its exceptions, denies absolutely its liability.

1. Take the questions in inverse order. Is the Northwestern liable to the plaintiff? The answer is, it is liable. The Northwestern undertook to carry the plaintiff's cotton from Paxville to Sumter and deliver it to the plaintiff at Sumter. It did not perform its contract. It claims that it delivered the plaintiff's cotton to the Atlantic Coast Line at Sumter. The Northwestern had a contract that enabled it to deliver the cotton beyond its own line at Sumter. It did not perform its contract when it undertook to deliver the cotton to a third person not a party to the contract. So far as the plaintiff is concerned, the Northwestern is liable to the plaintiff for the whole loss.

It is clear, also, that if the Coast Line did in fact receive the plaintiff's cotton, it could not keep it for its own use, destroy it, or negligently lose it. The contract between the defendants would inure to the benefit of the plaintiff, and he could recover the possession or get damages for its loss. The verdict of the jury fixed as a fact that the Coast Line did get the cotton.

As between the defendants, article V, subd. (d) of their articles of agreement fixes their liabilities.

"When the proximate cause of any such injury or damage shall be the negligence of a joint employer, when acting for both parties, then each party shall be responsible for and shall bear all loss incident to any such damage to its own property, but all liability to employees or third persons or corporations shall be liquidated by both parties hereto in equal contributions half and half."

The record shows that the agents were the joint agents of both companies. The division of the liability has hurt no one but the plaintiff, and he is not complaining.

2. The Coast Line complains that the Northwestern was allowed to prove that the Coast Line took all unclaimed cotton at the end of the season and appropriated it to its own use. This testimony tended to prove that the Coast Line took exclusive control of all cotton on its platform, and, as between the defendants, rendered the Coast Line exclusively liable for loss. It certainly was not prejudicial error, as the jury did not find the Coast Line exclusively liable.

In the view taken above, the questions as to the liability of connecting carriers, etc., become academic, and need not be considered.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY concurs.

MR. JUSTICE HYDRICK. I agree that both defendants are liable to plaintiff, and, therefore, the judgment in his favor should be affirmed. But, as between the defendants, I think the judgment should be reversed, because:

3, 4 First, the evidence shows that the cotton was delivered to the Coast Line, which had exclusive control of the cotton platform, and, therefore, the loss was attributable solely to its negligence; second, at the end of the cotton season, the Coast Line sold 14 bales of cotton that had been left on its platform and kept the proceeds. Evidently the

Coast Line received the proceeds of plaintiff's cotton, or of some that was left in place of it, and, therefore, as between the defendants, it ought to pay the judgment.

MR. JUSTICE WATTS concurs with Mr. Justice Hydrick.

MR. JUSTICE GAGE.   I think the only reasonable conclusion to be had from the testimony is : (1) That the Atlantic Coast Line Railroad Company by itself committed the delict; and (2) that there is no testimony tending to show that the negligence was that of a joint employee acting for both parties.

I, therefore, agree to the conclusion announced by Justice Hydrick.